UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PALOMAR MEDICAL TECHNOLOGIES, INC. and THE GENERAL HOSPITAL CORPORATION, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 05-10683 RWZ |
| v. | ) ) ) | |
| CUTERA, INC., | ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT CUTERA INC.'S MOTION TO DISMISS
## PURSUANT TO RULES 12(B)(2) AND 12(B)(3)

Defendant Cutera Inc. submits this Memorandum of Law in Support of its Motion to Dismiss Pursuant to Rules 12(b)(2) and 12(b)(3).

## I.    INTRODUCTION

In their Complaint, Plaintiffs allege that Cutera infringes U.S. Patent No. 5,595,568 ("the '568 Patent") and U.S. Patent No. 5,735,844 ("the '844 Patent") "by making, using, selling and offering for sale products using pulsed light technology for hair removal." (Compl. ¶¶ 8 and 12.) Plaintiffs further allege that "Cutera has transacted business and committed [those] acts of infringement in this District, and this action arises from the transaction of that business and infringement." (*Id.* ¶ 6.) But that allegation is not correct. As of the filing of the Complaint, Cutera had not committed any acts of infringement (or otherwise transacted business related to the accused products) in the Commonwealth of Massachusetts. Consequently, Plaintiffs cannot establish personal jurisdiction over Cutera under either the

Massachusetts long-arm statute or the due process clause.  For the same reasons, venue is improper in this District.  Accordingly, Plaintiffs' Complaint should be dismissed for lack of personal jurisdiction and improper venue.

## II.    CUTERA IS NOT SUBJECT TO PERSONAL JURISDICTION IN THIS ACTION

"Determining whether the district court has jurisdiction over an out-of-state defendant involves two inquires:  whether the forum state's long-arm statute permits service of process and whether the assertion of personal jurisdiction would violate due process." *Pieczenik v. Dyax Corp.*, 265 F.3d 1329, 1333 (Fed. Cir. 2001).[1]  The plaintiff has the burden of establishing jurisdiction under both the long-arm statute and the due process clause.  *Id.* at 1334; *Rodriguez v. Fullerton Tires Corp.*, 115 F.3d 81, 83 (1st Cir. 1997).  Moreover, the issue of whether personal jurisdiction exists over a defendant is analyzed as of the filing date of the complaint.  *See Noonan v. Winston Co.*, 135 F.3d 85, 94-95 (1st Cir. 1998) (rejecting "as irrelevant post-complaint contacts").

In the present case, Plaintiffs cannot satisfy their burden of proving that Cutera was subject to personal jurisdiction under either the Massachusetts long-arm statute or the due process clause as of the filing of their Complaint.

### A.    The Massachusetts Long-Arm Statute Does Not Authorize the Assertion of Personal Jurisdiction over Cutera

The Complaint alleges that "Cutera has transacted business and committed acts of infringement in this District, and this action arises from that transaction of business and infringement."  (Compl. ¶ 6.)  Based on this allegation, it appears that Plaintiffs are relying on

---

[1] The question of whether a court may properly exercise personal jurisdiction over a defendant in a patent infringement lawsuit is governed by Federal Circuit precedent.  *See Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564-65 (Fed. Cir. 1994).

2

sections 3(a) and 3(c) of Mass. Gen. Laws ch. 223A – the Massachusetts' long-arm statute – to establish personal jurisdiction over Cutera. Such reliance is misplaced.

Under section 3(a), "[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's . . . transacting any business in this commonwealth." Mass. Gen. Laws ch. 223A, § 3(a) (emphasis added). To establish that a claim "arises from" the transaction of business, courts look at whether "the claim was made possible by, or lies in the wake of, the transaction of business in the forum State." *Tatro v. Manor Care, Inc.*, 625 N.E.2d 549, 553 (Mass. 1994). In the present case, however, Cutera's alleged transaction of business from which Plaintiffs' cause of action is asserted to have arisen (i.e., Cutera's making, using, selling and offering for sale the accused products) had not occurred in Massachusetts as of the filing date of the Complaint. (Declaration of Ronald Santilli ¶ 4.) In fact, the accused products were not even cleared for marketing by the Food and Drug Administration until April 1, 2005, a mere six days prior to commencement of this lawsuit. (*Id.* ¶ 5.)

Under section 3(c), "[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's . . . causing tortious injury by an act or omission in this commonwealth." Mass. Gen. Laws ch. 223A, § 3(c) (emphasis added). Here, however, Cutera's allegedly tortious act from which Plaintiffs' cause of action is said to have arisen (i.e., Cutera's making, using, selling and offering for sale the accused products) had not occurred in Massachusetts as of the filing date of the Complaint. (Santilli Decl. ¶ 4.)

3

Accordingly, Plaintiffs cannot establish that the Massachusetts long-arm statute authorizes the assertion of personal jurisdiction over Cutera in this case.[2]

**B.     The Exercise of Personal Jurisdiction Over Cutera in This Forum Would Be Inconsistent with the Limitations of the Due Process Clause**

Even if it is determined that the Massachusetts long-arm statute authorizes the exercise of personal jurisdiction over Cutera, such exercise of jurisdiction would be inconsistent with the due process requirements of the United States Constitution.

By alleging that "Cutera has transacted business and committed acts of infringement in this District, and this action arises from that transaction of business and infringement" (Compl. ¶ 6), Plaintiffs are asserting that Cutera is subject to specific personal jurisdiction in Massachusetts. *See LSI Indus. Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1371 (Fed. Cir. 2000) ("Specific jurisdiction 'arises out of' or 'relates to' the cause of action . . . .") (*quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985)). But in deciding whether a defendant is subject to specific jurisdiction in the forum, "the due process inquiry requires that we determine whether [the defendant] 'purposefully directed his activities at residents of' [the forum state] and, if so, whether 'the litigation results from alleged injuries that

---

[2] Nor can Plaintiffs rely on section 3(d) of the Massachusetts long-arm statute. That section requires that Plaintiffs show that Cutera's alleged acts of infringement caused a tortious injury in Massachusetts. *See* Mass. Gen. Laws ch. 223A, § 3(d). The alleged sale of infringing products outside of Massachusetts, however, does not cause tortious injury in Massachusetts simply because the patentee is resident in the Commonwealth. *See Beverly Hills Fan*, 21 F.3d at 1570-71 (finding that the situs of the injury caused by an act of infringement is the place where the infringing sales or offers for sale occur – not the location of the patentee); *Cunningham v. Ardrox, Inc.*, 663 N.E.2d 577, 579 (Mass. App. Ct. 1996) ("While manifestations, effects, and consequences of an out-of-State injury may be experienced in Massachusetts, they do not constitute 'injury in this commonwealth' within the meaning of § 3(d).").

4

arise out of or relate to those activities.'" *Akro Corp. v. Luker*, 45 F.3d 1541, 1545 (Fed. Cir. 1995) (*quoting Burger King*, 471 U.S. at 472).[3]

To the extent Plaintiffs argue that Cutera has purposefully directed any business activities at residents of Massachusetts, Plaintiffs' lawsuit does not arise from or relate to those activities. As described above, Cutera did not make, use, sell or offer for sale any of the accused products in Massachusetts as of the filing of the Complaint. (Santilli Decl. ¶ 4.) Accordingly, Plaintiffs cannot establish that the exercise of specific personal jurisdiction over Cutera would be consistent with the limitations of the due process clause.

## III.   VENUE IS IMPROPER IN THIS DISTRICT

Pursuant to 28 U.S.C. § 1400(b), "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." "For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c).

In the present case, Cutera does not "reside" in this District because, as described above, it is not subject to personal jurisdiction in Massachusetts. Moreover, Cutera has neither committed any acts of infringement, nor does it have a regular and established place of business, in this District. (Santilli Decl. ¶¶ 4 and 6.) Accordingly, venue is not proper in this District.

---

[3] If these first two steps are satisfied, "[a]n additional fairness inquiry rounds out the determination whether personal jurisdiction can be exercised in a given case consistent with the Due Process Clause." *See Akro*, 45 F.3d at 1545. Because, as shown below, Plaintiffs cannot satisfy the first two elements of the due-process analysis, there is no need to examine this last element.

## IV.   CONCLUSION

For the foregoing reasons, Cutera respectfully requests that the Court dismiss

Plaintiffs' Complaint for lack of personal jurisdiction and improper venue.

Dated:  July 6, 2005                              Respectfully submitted,

                                                  WEIL, GOTSHAL & MANGES LLP


                                                  James L. Messenger BBO #547236
                                                  Patrick O'Toole BBO #559267
                                                  Arthur R. Cormier BBO #645116
                                                  100 Federal Street
                                                  Boston, Massachusetts 02110
                                                  Telephone:  (617) 772-8300
                                                  Facsimile:  (617) 772-8333

                                                  Jonathan A. Marshall
                                                  Timothy E. DeMasi
                                                  John D. Garretson
                                                  Daniel J. Melman
                                                  WEIL, GOTSHAL & MANGES LLP
                                                  767 Fifth Avenue
                                                  New York, New York  10153

NY1:\1337312\02\SNVK02!.DOC\13906.0004