UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                           )
PALOMAR MEDICAL TECHNOLOGIES, INC.         )
and THE GENERAL HOSPITAL                   )
CORPORATION,                               )
                                           )
          Plaintiffs,                      )
          Defendants-in-Counterclaim       )
                                           )
     v.                                    )   Civil Action No. 05-10683-RWZ
                                           )
CUTERA, INC.,                              )
                                           )
          Defendant,                       )
          Plaintiff-in-Counterclaim.       )
_____)

**MEMORANDUM OF LAW IN SUPPORT OF CUTERA'S SECOND MOTION
TO DISMISS PURSUANT TO FEDERAL RULES 12(b)(2) AND 12(b)(3)**

Cutera submits this Memorandum in support of its Second Motion to Dismiss Plaintiffs' Complaint in this case.

**I.**

**INTRODUCTION**

In this case, plaintiffs' complaint alleges that Cutera's products which use "pulsed light technology for hair removal" infringe two patents (the "Pulsed-Light Case"). At the time the complaint was filed, Cutera had never made, used, sold, or offered for sale any of the accused pulsed-light products in Massachusetts. Accordingly, on July 6, 2005, Cutera moved to dismiss plaintiffs' complaint based on lack of personal jurisdiction and improper venue.

In its May 5, 2006 Memorandum of Decision, the Court denied Cutera's motion. The Court focused on the fact that, in a separate lawsuit filed in 2002 in which plaintiffs asserted patent infringement claims against different Cutera products (the "Laser Case"), Cutera admitted that it had transacted business in the District. The Court commented that:

> as a factual matter, it is unclear why the business transactions supporting jurisdiction in the 2002 case would not similarly sustain jurisdiction in the instant case. Absent such an explanation, defendant's Motion to Dismiss (#3 on the docket) is denied.

By this motion, Cutera provides the explanation that the Court invited. As explained below, the admission of specific jurisdiction in the Laser Case does not give rise to personal jurisdiction over Cutera in the Pulsed-Light Case.

The Laser Case arose out of Cutera's sales of laser-based hair removal products. Cutera indisputably had sold laser-based hair removal products in Massachusetts before plaintiffs filed their lawsuit in 2002. Thus, Cutera admitted specific jurisdiction in the Laser Case, because it had in fact transacted business in Massachusetts by selling accused laser hair removal products in the Commonwealth.

That admission, however, does not support personal jurisdiction over Cutera in the Pulsed-Light Case. The Pulsed-Light Case arises out of completely different products than the Laser Case. The complaint accuses Cutera's pulsed-light hair removal products – not its laser products – of infringement. The sale of Cutera's laser products has nothing to do with plaintiffs' infringement claims in the Pulsed-Light case. As a result, Cutera's admission in the Laser Case that it transacted business in Massachusetts because it had sold laser products in the Commonwealth does not support

specific jurisdiction over a complaint that is based on entirely different products. Nor does Cutera's sale of laser products support general jurisdiction over Cutera in Massachusetts.

Accordingly, Cutera respectfully requests that the Court dismiss the Pulsed-Light Case for lack of personal jurisdiction and improper venue.

## II.
## CUTERA'S SALE OF LASER PRODUCTS DOES NOT ESTABLISH PERSONAL JURISDICTION IN THE PULSED-LIGHT CASE

In their Complaint in the Laser Case, Plaintiffs alleged that Cutera's sale of certain laser hair removal products constituted infringement of the '844 patent. See Laser Amended Complaint ¶ 8. Plaintiffs also alleged that "[Cutera] has transacted business and committed acts of infringement in this district, and this action arises from the transaction of that business and infringement." Laser Amended Complaint ¶ 6. Because Cutera had sold accused laser hair removal products in Massachusetts prior to the filing of Plaintiffs' Complaint, Cutera admitted that it had transacted business in the district. See Laser Amended Answer ¶ 6.

But Cutera's admission that it had transacted business with respect to its laser products in the Laser Case does not establish specific jurisdiction in the Pulsed-Light Case, because the Pulsed-Light Case relates to entirely different products than the Laser Case.

Pursuant to the Massachusetts long-arm statute, "[a] court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action in law or equity arising from the person's . . . transacting any business in this

commonwealth." Mass. Gen. Laws ch. 223A, § 3(a) (emphasis added). "Patent infringement occurs when a party 'without authority makes, uses, offers to sell or sells any patented invention.'" Holly Anne Corp. v. TFT, Inc., 199 F.3d 1304, 1308 (Fed. Cir. 1999) (citation omitted). Thus, for there to be specific jurisdiction over Cutera in the Pulsed-Light Case, Cutera must have made, used, sold, or offered for sale the accused pulsed-light hair removal products in Massachusetts before plaintiffs' complaint was filed. Id. at 1308-1310 (finding no personal jurisdiction in a particular state where plaintiff failed to allege that the accused infringer made, used, offered to sell or sold the accused product in that state); Ecological Sys. Tech. v. Aquatic Wildlife Co., 142 F. Supp. 2d 122, 126 (D. Mass. 2000) (holding that for specific jurisdiction to exist, the patent infringement action must arise out of or directly relate to defendant's making, using, offering to sell, or selling the accused product in Massachusetts).

Here, Cutera's admission that it transacted business in Massachusetts by selling different products that have nothing to do with plaintiffs' infringement allegations in the Pulsed-Light Case simply is not relevant to specific jurisdiction in the Pulsed-Light Case. The Pulsed-Light Case relates to Cutera's pulsed-light hair removal products only. It has nothing to do with Cutera's laser products. Because Cutera had never made, used, sold or offered for sale in Massachusetts any pulsed-light hair removal products prior to the filing of the Pulsed-Light Complaint, the Court lacks specific jurisdiction over Cutera in the Pulsed-Light Case. See Ecological Sys. Tech., 142 F. Supp. 2d 122, 126 (D. Mass. 2000) ("Personal jurisdiction over [the accused infringer] for Plaintiffs' patent infringement claim is not proper in Massachusetts, because [the accused infringer] did not make, use, offer to sell, or sell the patented technology in Massachusetts.").

4

Nor does Cutera's admission of specific jurisdiction in the Laser Case establish general jurisdiction over Cutera.  To establish general jurisdiction, Cutera's activities in Massachusetts must "closely approximate the regular conduct of a domestic corporation" and be "continuous and systematic."  Canning v. Gunstock Area Comm'n, 695 F. Supp. 602, 603 n.1 (D. Mass. 1988); LSI Indus. v. Hubbell Lighting, Inc., 232 F.3d 1369, 1375 (Fed. Cir. 2000).  Cutera's sale of laser products in Massachusetts – which constituted no more than 0.178 percent of Cutera's total sales during the twelve months preceding the filing of the Pulsed-Light Complaint (see Second Santilli Dec. ¶ 15) – is insufficient to show continuous and systematic activity in Massachusetts.  See, e.g., Stairmaster Sports/Med. Prods., Inc. v. Pacific Fitness Corp., 916 F. Supp. 1049, 1052-53 (W.D. Wash. 1995), aff'd, 78 F.3d 602, 1996 WL 39681 (Fed. Cir. 1996) (holding in patent infringement action that sales in forum constituting three percent total sales were insufficient to establish general personal jurisdiction); Molnlycke Health Care AB v. Dumex Med. Surgical Prods. Ltd., 64 F. Supp. 2d 448, 452 (E.D. Pa. 1999) (noting in patent infringement action that "it is impossible for the court to find that the small percentage of sales [i.e., less than 1 percent] constitute 'continuous and systematic business within the forum state'"); Zinn v. Gichner Sys. Group, 1994 WL 116014, at *4 (E.D. Pa. 1994) (finding no general jurisdiction even though 1.8% of defendant's total sales from 1990 to 1994 were to residents of forum).  Moreover, an admission of "transacting business" sufficient to establish specific jurisdiction is not an admission sufficient to establish general jurisdiction.  Noonan v. Colour Library Books, Ltd., 947 F. Supp. 564, 570 (D. Mass. 1996) ("Clearly the minimal contacts that suffice to establish specific jurisdiction will not satisfy a plaintiff's burden [on general jurisdiction] or else

5

the two distinct theories of jurisdiction become conflated into one.  General jurisdiction is necessarily more demanding.") (quotation omitted).

### III.
### CONCLUSION

For the foregoing reasons, Cutera respectfully requests that the Court grant its Second Motion and dismiss Plaintiffs' complaint for lack of personal jurisdiction and improper venue.

Dated: May 22, 2005                              Respectfully submitted,


                                                                      CUTERA, INC.
                                                                       By its attorneys,

/s/ Patrick J. O'Toole, Jr._____
James L. Messenger (BBO #547238)
Patrick J. O'Toole, Jr. (BBO #559267)
WEIL, GOTSHAL & MANGES LLP
100 Federal Street
Boston, Massachusetts  02110
Tel.:   (617) 772-8300
Fax:   (617) 772-8333

7

**CERTIFICATE OF SERVICE**

I, Patrick J. O'Toole, Jr., hereby certify that on this 22nd day of May, 2006, a true copy of Cutera's Memorandum Of Law In Support Of Cutera's Second Motion To Dismiss Pursuant To Federal Rules 12(b)(2) and 12(b)(3) has been served by electronically on:

>Wayne L. Stoner
>Vinita Ferrera
>Kate Saxton
>Wilmer Cutler Pickering Hale and Dorr LLP
>60 State Street
>Boston, MA 02109

>/s/ Patrick J. O'Toole, Jr.
>Patrick J. O'Toole, Jr.