UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
PALOMAR MEDICAL TECHNOLOGIES, INC.      )
and THE GENERAL HOSPITAL                )
CORPORATION,                            )
                                        )
            Plaintiffs,                 )
                                        )
v.                                      )   Civil Action No. 05-10683 RWZ
                                        )
CUTERA, INC.,                           )
                                        )
            Defendant.                  )
_____)

**CUTERA'S MOTION FOR A CONTINUANCE OF THE INITIAL SCHEDULING CONFERENCE NOW SET FOR JUNE 20, 2006, UNTIL AFTER THE COURT DECIDES CUTERA'S SECOND MOTION TO DISMISS**

Defendant Cutera, Inc. respectfully moves pursuant to Local Rule 40.3 to continue the initial scheduling conference, now set for June 20, 2006 at 2:30 pm, until the court has ruled on Cutera's pending motion to dismiss for lack of personal jurisdiction and improper venue.[1] As explained more fully below, there is good cause for granting a continuance. When the court denied Cutera's initial motion to dismiss, it suggested in its order that it would revisit the issue upon receiving an explanation of why the presence of jurisdiction in the pending 2002 action between the parties did not establish jurisdiction in this case as well. Cutera has filed a renewed motion to dismiss that provides that explanation and demonstrates why there is no personal jurisdiction or venue in this district. Absent personal jurisdiction, this action may not proceed. Moreover, it would be contrary to principles of judicial economy, and wasteful of the parties' time and resources, to proceed in this action before the jurisdiction question is decided. The proper forum for plaintiffs' claims in this action lies elsewhere, in either the Northern

---

[1] The information required by Local Rule 40.3(b) is as follows: Cutera has not previously requested a continuance in this action. Plaintiffs moved for and received one extension to respond to Cutera's initial motion to dismiss.

District of California or the District of Delaware. The proper forum will set its own schedule, based on its own docket and practices regarding case administration. For this case to proceed before jurisdiction is decided would frustrate those efforts and unduly prejudice Cutera.

## I.

## THIS ACTION CANNOT PROCEED UNTIL PERSONAL JURISDICTION IS ESTABLISHED

As the court has recognized, jurisdiction must be decided first:

> The first and paramount issue for the court is that of jurisdiction. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) (quoting Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1869)).

Hernandez v. Reno, 63 F. Supp. 2d 99, 100 (D. Mass. 1999) (Stearns, J.). Consistent with this well-settled law, the court did not set the initial scheduling conference until after it decided Cutera's initial motion to dismiss for lack of personal jurisdiction. And now that Cutera has filed a renewed motion to dismiss, the initial scheduling conference should likewise be continued until after that motion is decided.

Plaintiffs have claimed that Cutera had no basis for filing the renewed motion to dismiss, but that claim is itself baseless. As the renewed motion explains, the court denied Cutera's initial motion because it was unclear to the court "why the business transactions supporting jurisdiction in the 2002 case would not similarly sustain jurisdiction in the present case." May 5, 2006 Mem. of Decision at 2. The court then stated that "[a]bsent such an explanation," the initial motion was denied. Id. Accordingly, Cutera filed the renewed motion to explain why the presence of personal jurisdiction in the 2002 case, under "specific jurisdiction" principles, did not give rise to personal jurisdiction under specific or general jurisdiction principles in this case. The court should evaluate that explanation, and decide the renewed motion to dismiss, before holding the initial scheduling conference.

## II.

**TO PROCEED IN THIS ACTION BEFORE THE RENEWED MOTION IS DECIDED WOULD FRUSTRATE THE EFFORTS OF THE PROPER FORUM COURT TO EXERCISE ITS INHERENT POWER TO ADMINISTER THIS CASE**

The proper forum for deciding plaintiffs' claims in this case is either the Northern District of California or the District of Delaware. Accordingly, Cutera filed declaratory judgment complaints in both forums last July. And it is in those forum courts, not this court, that this case should proceed.

The proper forum will set its own schedule, based on its own docket and practices regarding case administration. For this case to proceed before jurisdiction is decided would frustrate those efforts and unduly prejudice Cutera. It would be contrary to principles of judicial economy, and wasteful of the parties' time and resources, to proceed under these circumstances.

### CONCLUSION

The court lacks the power to proceed in this action unless it has personal jurisdiction, and it would be inefficient and wasteful to attempt to proceed until that question is decided. Accordingly, the court should continue the initial scheduling conference until it decides Cutera's renewed motion to dismiss.

Dated: May 30, 2006                                   CUTERA, INC.

                                                      By its attorneys,

                                                      /s/ Patrick J. O'Toole, Jr.
                                                      James L. Messenger (BBO #547238)
                                                      Patrick J. O'Toole, Jr. (BBO #559267)
                                                      WEIL, GOTSHAL & MANGES LLP
                                                      100 Federal Street
                                                      Boston, Massachusetts 02110
                                                      Tel.:  (617) 772-8300
                                                      Fax:  (617) 772-8333

                                                      Jared Bobrow, Esq.
                                                      WEIL, GOTSHAL & MANGES LLP
                                                      201 Redwood Shores Parkway
                                                      Redwood Shores, California 94065
                                                      Tel.:  (650) 802-3000
                                                      Fax:  (650) 802-3100

Timothy E. DeMasi
David J. Ball, Jr.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Tel.:    (212) 310-8000
Fax:    (212) 310-8007

## CERTIFICATE OF COMPLIANCE
## WITH LOCAL RULES 7.1(a)(2)

I, David J. Ball, Jr., state that on May 25, 2006, I conferred with Vinita Ferrera, Esq., counsel for Plaintiffs, regarding the issue raised in this motion, namely, Cutera's belief that the initial scheduling conference should be continued until after the court decides Cutera's renewed motion to dismiss. Ms. Ferrera stated that Plaintiffs will oppose this motion.

Dated: May 30, 2006

                                              /s/ David J. Ball, Jr._____
                                              David J. Ball, Jr.

**CERTIFICATE OF SERVICE**

       I, Patrick J. O'Toole, Jr., hereby certify that on this 30th day of May, 2006, a true copy of Cutera's Motion For A Continuance Of The Initial Scheduling Conference Now Set For June 20, 2006, Until After The Court Decides Cutera's Second Motion To Dismiss has been served electronically on:

        Wayne L. Stoner
        Vinita Ferrera
        Kate Saxton
        Wilmer Cutler Pickering Hale and Dorr LLP
        60 State Street
        Boston, MA 02109

        /s/ Patrick J. O'Toole, Jr.
        Patrick J. O'Toole, Jr.